Anne M. WALKER, Plaintiff—Appellant,

v.

CHUGACHMIUT; and Robert Henrichs, Defendants—Appellees.

No. 01–35726.

D.C. No. CV–00–00327–JKS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2002.

Decided Aug. 29, 2002.

Before B. FLETCHER, ALARCÓN, and GRABER, Circuit Judges.

## MEMORANDUM *

Plaintiff–Appellant Anne M. Walker appeals from the district court's substitution of the United States as a defendant under the Federal Tort Claims Act ("FTCA")[1] and dismissal of her tort claims in the action she filed against her former employer, Chugachmiut, a tribal consortium, and Robert Henrichs, a member of Chugachmiut's board of directors.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## I

■ Walker contends that the district court lacked removal jurisdiction over the instant action because the United States was not a party defendant at the time of removal and she "clearly chose to eschew any claims based upon federal law" in her complaint. We review de novo a district court's decision to deny a motion to remand for want of removal jurisdiction. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir.1988).

Removal of this action was mandatory. Any civil action against a tribal organization, or one of its employees acting within the scope of employment, for tort claims resulting from the carrying out of an Indian Self–Determination and Educational Assistance Act[2] ("ISDEA") contract "shall be deemed to be an action against the United States" under the FTCA. Department of the Interior and Related Agencies Appropriations Act of 1991, Pub. L. No. 101–512, Title III, § 314, 104 Stat. 1915, 1959 (Nov. 5, 1990) (codified as amended at 25 U.S.C. § 450f note) [hereinafter Section 314]. Any such action that is originally filed in state court therefore is removable to federal court. 28 U.S.C. §§ 1346(b)(1), 1441(a), 2679(d)(2) (2001).

The FTCA, which Section 314 incorporates by reference, specifies that:

> *Upon certification by the Attorney General* that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, *any civil action or proceeding commenced upon such claim in a State court shall be removed* without bond at any time

---

1. 28 U.S.C. §§ 2671–2680 (2001).

2. Pub. L. No. 93–638, 88 Stat. 2203 (1975) (codified at 25 U.S.C. § 450 (2001)).

before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. *Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.*

28 U.S.C. § 2679(d)(2) (emphasis added). In the instant case, the United States Attorney for the District of Alaska certified on behalf of the Attorney General[3] that Walker's tort claims against Chugachmiut and Henrichs arose from the carrying out of an ISDEA contract and that Henrichs was acting within the scope of his employment during the relevant time period.[4] This certification satisfied the requirements of the FTCA and Section 314. *See* 28 U.S.C. § 2679(d).

"Once certification is given in a civil action, the [FTCA] mandates both the substitution of the United States as the defendant ..., and, if initiated in state court, the removal of the action to the United States District Court." *Meridian Int'l Logistics, Inc. v. United States,* 939 F.2d 740, 743–44 (9th Cir.1991) (citation omitted). The district court did not err in ruling that it had removal jurisdiction.

## II

### A.

■ Walker argues the district court erred in substituting the United States as a defendant for Chugachmiut and Henrichs based on the United States Attorney's certification. We review de novo whether the United States was properly substituted as a defendant for an Indian contractor, tribal organization, or its employee. *Green v. Hall,* 8 F.3d 695, 698 (9th Cir.1993) (per curiam). "Where facts relevant to this inquiry are in dispute, however, we review the district court's factual findings for clear error." *Id.* Because "[t]he Attorney General's decision regarding scope of employment certification is conclusive unless challenged[,] ... the party seeking review bears the burden of presenting evidence and disproving the Attorney General's decision to grant ... scope of employment certification by a preponderance of the evidence." *Id.*

Walker's argument that Chugachmiut is not covered by the FTCA because it is "not an Indian tribe" is not persuasive. Chugachmiut is a tribal organization that entered into an ISDEA contract entitled Alaska Tribal Health Compact Between Certain Alaska Native Tribes and the United States of America ("Compact"). Pursuant to the Compact, Chugachmiut is covered by the FTCA, and its "employees ... are deemed by statute to be part of or employed by the Public Health Service ... for purposes of coverage under the [FTCA], while performing programs, activities, functions or services under this Compact."

Similarly, Henrichs is covered by the FTCA as a Chugachmiut employee. Henrichs is a member of Chugachmiut's Board of Directors. The only evidence Walker

---

**3.** The Attorney General has delegated his power to certify to the United States Attorney. *See* 28 C.F.R. § 15.3.

**4.** Chugachmiut had two ISDEA contracts including the Alaska Tribal Health Compact en-

tered into by certain Alaska Native tribes and the Indian Health Service on behalf of the United States and a Bureau of Indian Affairs contract.

presented to contradict the certification was her conclusory affidavit: "While I was Executive Director ... Henrichs was never an employee of Chugachmiut." The district court's finding "Henrichs to have been an employee of the Government" is not clearly erroneous, as it is supported by the Attorney General's certification.

Walker also contends that substitution of the United States was improper because Chugachmiut and Henrichs were not acting in furtherance of an ISDEA contract when she was fired. Walker has not presented any evidence to rebut the United States Attorney's certification that Chugachmiut was acting pursuant to the Compact in connection with Walker's termination. Walker merely argues that Chugachmiut could not have been acting pursuant to the Compact when she was terminated because Chugachmiut was also a party to other non-self-determination contracts. Chugachmiut's involvement in other contracts does not affect its ability to act in furtherance of the Compact by firing Walker.

■ Similarly, Walker falls short of rebutting the United States Attorney's scope of employment certification as to Henrichs. To determine whether Henrichs was acting within the scope of his employment, we apply the respondeat superior principles of Alaska, the state in which the alleged tort occurred. *Green*, 8 F.3d at 698–99. Walker argues that her termination could not have been in furtherance of the Compact because her employment had little connection with the business of providing services under the Compact. Walker misses the point. The issue is whether *Henrichs*, as a board member, was acting in furtherance of the Compact in connection with her termination, and whether his actions were " 'actuated, at least in part, by a purpose to serve' " Chugachmiut. *VECO, Inc. v. Rosebrock*, 970 P.2d 906, 910 n. 7 (Alaska 1999) (quoting Restatement (2d) of Agency

§ 228(1)(c)). Walker has not demonstrated by a preponderance of the evidence that Henrichs was not acting within the scope of his employment and in furtherance of the Compact. *See Green*, 8 F.3d at 698.

### B.

■ Walker asserts that the district court erred in dismissing her tort claims for lack of subject matter jurisdiction. We review de novo a district court's dismissal for lack of subject matter jurisdiction. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir.2000).

The district court's dismissal of Walker's tort claims was not erroneous. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). The FTCA specifically provides that the Government has not waived its sovereign immunity with respect to "[a]ny claim arising out of ... libel, slander, ... or interference with contract rights." 28 U.S.C. § 2680(h). The FTCA also bars the award of punitive damages. 28 U.S.C. § 2674. Because substitution of the United States was appropriate, the district court was correct to dismiss Walker's claims for defamation, interference with contract, and punitive damages.

■ The district court also dismissed, albeit without prejudice, Walker's claims for negligent investigation and emotional distress. A suit in which the United States is substituted for a private defendant under Section 314 is subject to the FTCA's requirement that a plaintiff file an administrative claim against the relevant federal agency before an FTCA suit may go forward. 28 U.S.C. § 2675(a). Walker has not filed an administrative claim regarding her tort allegations for negligent investigation and emotional distress. Therefore, the district court did not err in

dismissing without prejudice Walker's claims for negligent investigation and emotional distress.

■ Walker also contends: (1) that her tort claims should not have been dismissed because they are employment claims that are not subject to the FTCA; and (2) that her tort claims are not covered by the FTCA because the Government purchased private insurance for Chugachmiut. Walker cites to no legal authority, however, supporting these contentions. "The federal rules require the brief to contain 'the contentions of the appellant with respect to the issues presented, and the reasons therefore, with citations to the authorities, statutes and parts of the record relied on.'" *Acosta–Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir.1992) (quoting Fed. R.App. P. 28(a)(4)). Because Walker's brief does not comport with the requirements of Rule 28, these contentions are deemed abandoned. *See id.*

AFFIRMED.