Serena **LOPEZ** and George **Lopez, Plaintiffs,**

v.

Ofilia **PONKILLA, et al., Defendants.**

No. CIV–08–1234–L.

United States District Court, W.D. Oklahoma.

Dec. 28, 2010.

---

Robert C. Brown, Jr., Tommy Klepper & Associates PLLC, Norman, OK, Alan W. Bardell, Hayes Magrini & Gatewood, Oklahoma City, OK, for Plaintiffs.

## ORDER

TIM LEONARD, District Judge.

This action arises out of an automobile accident that occurred on November 15, 2006. Plaintiff Serena Lopez was driving a vehicle owned by George Lopez when she was struck by a car driven by defendant Ofilia Ponkilla. In their complaint, plaintiffs alleged that Ms. Ponkilla is a member and employee of the Kickapoo Nation of Oklahoma and was acting within the scope of her employment when the accident occurred. In addition to the Kickapoo Nation and Ms. Ponkilla, the complaint named the United States of America as a defendant. On March 9, 2009, the court denied the government's motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction. The court held that plaintiffs' allegation that the Kickapoo Nation operates under a self-determination contract was sufficient at the motion to dismiss stage to present a plausible claim against the United States. The court noted:

> Numerous federal courts have held that tribal employees performing official functions under an Indian Self–Determination and Education Assistance Act ["ISDEAA"] contract are treated as federal employees and that torts resulting from their conduct are covered by the Federal Tort Claims Act ("FTCA"). *See Pourier v. United States,* 138 F.3d 1267, 1268 (8th Cir.1998); *Walker v. Chugachmiut,* 46 Fed.Appx. 421, 423 (9th Cir. 2002); *Allender v. Scott,* 379 F.Supp.2d 1206, 1216 n. 12 (collecting cases). As Congress has "consented to suit under the FTCA for 'certain claims arising out of the performance of [Indian] self-de-

termination contracts", the government's sovereign immunity argument fails at this point in the litigation.

Order at 3–4 (footnotes omitted) (Doc. No. 12).

The government filed its answer to the complaint on March 11, 2009. As Ms. Ponkilla did not file a response to the complaint, default was entered against her on March 20, 2009 (Doc. No. 15). On July 29, 2009, the government filed a second motion to dismiss in which it argued that the court did not have subject matter jurisdiction because plaintiffs could not identify an ISDEAA contract under which Ms. Ponkilla was operating and, regardless, Ms. Ponkilla was not acting within the scope of her employment when the accident occurred. Shortly after responding to the second motion to dismiss, plaintiffs filed a Stipulation of Dismissal with Prejudice dismissing the action against the United States. Stipulation of Dismissal with Prejudice (Doc. No. 25). Three months later, plaintiffs notified the court that they had reached a settlement with the Kickapoo Nation, and the court entered an Administrative Closing Order. Administrative Closing Order (Doc. No. 27). The closing order was extended five times at plaintiffs' request based on plaintiffs' representation that counsel for the Kickapoo Nation had changed several times and they had therefore had difficulty finalizing the settlement papers. On July 29, 2010, plaintiffs filed a motion to reopen the case for the purpose of enforcing the settlement or entering default judgment against the Kickapoo Nation. On August 3, 2010, the court entered an order denying plaintiffs' motion to enforce the settlement, but granting their motion for entry of default as to the Kickapoo Nation. The court set the matter for a hearing on damages on August 23, 2010.

On the day of the hearing, the Kickapoo Nation filed a motion to set aside the default and to dismiss this action. Pursuant to Rule 60(b), the Kickapoo Nation seeks to set aside the order of default entered against it. The rule allows a court to relieve a party from an order if "the judgment is void" or for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(4), (6). The Kickapoo Nation argues relief under Rule 60(b) is appropriate because it is vested with sovereign immunity and therefore any judgment entered against it would be void. In addition, it contends the default should be vacated because service against it was improper. "Rule 60(b)(6) has been referred to as a 'grand reservoir of equitable power to do justice in a particular case.'" *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1147 (10th Cir.1990). While relief under the rule is extraordinary, the Tenth Circuit has also admonished that "the rule should be liberally construed when substantial justice will thus be served." *Pierce v. Cook & Co.,* 518 F.2d 720, 722 (10th Cir. 1975) (*en banc*), *cert. denied,* 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976) (quotation omitted). Such relief is appropriate "when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 580 (10th Cir. 1996) (citation omitted).

██ Having examined the parties' briefs and exhibits, the court finds that relief under Rule 60(b) is warranted. While it appears that the Kickapoo Nation may not have been properly served, the court need not address that issue since, regardless of whether service was proper, the Kickapoo Nation's sovereign immunity precludes the relief sought by plaintiffs. "Indian tribes are 'domestic dependent nations' with sovereignty over their members and territories. As sovereign powers, federally-recognized Indian tribes possess im-

munity from suit in federal court." *Native Am. Distrib. v. Seneca–Cayuga Tobacco Co.*, 546 F.3d 1288, 1292 (10th Cir.2008) (citations omitted). While a tribe can waive its own immunity, "a waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Ute Distrib. Corp. v. Ute Indian Tribe*, 149 F.3d 1260, 1263 (10th Cir.1998).

■ Plaintiffs argue the Kickapoo Nation should be estopped from asserting sovereign immunity because its general counsel entered into settlement negotiations with plaintiffs. Estoppel, however, cannot trump sovereign immunity. As the Court of Appeals for the Tenth Circuit noted in a different context:[1]

> Nor can the actions of the Secretary, or any government official or attorney, act as a waiver or abandonment of the United States' sovereign immunity. "Because waiver must be unequivocally expressed by Congress, officers of the United States possess no power through their actions to waive an immunity of the United States or to confer jurisdiction on a court."

*Governor of Kansas v. Kempthorne*, 516 F.3d 833, 845 (10th Cir.2008) (citation omitted). As the Court noted in *Kempthorne*, the conduct of the Nation's general counsel is "simply irrelevant" to the sovereign immunity question. *Id.* at 846.

■ As the Kickapoo Nation is immune from suit, this action cannot proceed against it. The entry of default must therefore be vacated and this matter must be dismissed with respect to the Kickapoo Nation. Likewise, the court finds the action must be dismissed with respect to

Ofilia Ponkilla as the court lacks subject matter jurisdiction.[2] The record reflects that Ms. Ponkilla is a citizen of the State of Oklahoma, as were plaintiffs at the time the complaint was filed. The court therefore does not have diversity jurisdiction. Likewise, jurisdiction cannot be premised on the presence of a federal defendant as the government was dismissed with prejudice. Although the court does not condone the actions of the Kickapoo Nation in lulling plaintiffs into the belief that this matter was settled, the court is constrained by the tribe's sovereign immunity and the court's limited jurisdiction.

In sum, Defendant's Motion to Set Aside Default Judgment and to Dismiss (Doc. No. 42) is GRANTED. This action is dismissed as to defendants Ofilia Ponkilla and the Kickapoo Nation of Oklahoma without prejudice. Pursuant to the Stipulation of Dismissal with Prejudice (Doc. No. 25), this action is dismissed with prejudice as to defendant The United States of America. Judgment will issue accordingly.

It is so ordered.

---

1. Cases discussing federal or state sovereign immunity offer guidance for questions regarding tribal sovereign immunity. *See Native Am. Distrib.*, 546 F.3d at 1296.

2. Moreover, as the complaint alleges Ms. Ponkilla "was acting within the scope of her employment with the Kickapoo Nation of Oklahoma", Complaint at ¶ 8, she is entitled to the benefit of the Kickapoo Nation's sovereign immunity. *See Breakthrough Mgmt. Group, Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1180 n. 6 (10th Cir.2010).