**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2391SD

_____

Jeremy Pourier, Special Administrator of  *
the Estate of Patricia Pourier,         *
                        *

        Appellant,         *    Appeal from the United States
                       *    District Court for the District
   v.                 *    of South Dakota.
                       *

United States of America,      *
                       *

        Appellee.       *

_____

Submitted: February 13, 1998
Filed: March 27, 1998

_____

Before FAGG, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

FAGG, Circuit Judge.

Jeremy Pourier brought this Federal Tort Claims Act (FTCA) lawsuit against the United States on behalf of the estate of his late mother, Patricia Pourier. Ms. Pourier, a nurse with the Indian Health Service, died in an ambulance crash. The ambulance driver, Dennis Martinez, was employed by the Oglala Sioux Tribe Ambulance Service (the Ambulance Service), an Indian contractor under the Indian Self-Determination Act, 25 U.S.C. §§ 450f-450n (1994). The parties agree that both Martinez and Ms. Pourier were on the job when the accident occurred. On the Government's motion for summary judgment, the district court dismissed Pourier's FTCA claim for lack of

subject-matter jurisdiction, holding that Pourier's sole remedy was under the Federal Employees Compensation Act (FECA or the Act). Pourier appeals, and we affirm.

The FECA is a workers' compensation statute for federal employees. See Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 193-94 (1983). As usual in such legislation, it embodies a compromise: for employees, the right to receive benefits regardless of fault; for the Government, immunity from suit. See id. at 194. Subject to some exceptions not relevant here, the Act commits the Government to compensate the work-related disability or death of federal employees, see 5 U.S.C. § 8102(a) (1994), but bars every other avenue of relief from the Government for such claims, see id. § 8116(c); Griffin v. United States, 703 F.2d 321, 322 (8th Cir. 1983) (per curiam). Pourier seeks to get around the FECA's exclusive-liability provision, relying on a Fourth Circuit opinion concerning the Swine Flu Act. See Wallace v. United States, 669 F.2d 947, 954-55 (4th Cir. 1982). The Swine Flu Act shielded flu-vaccine manufacturers from liability for vaccine-related injuries, substituting the United States as the legally responsible party. See id. at 950; Pub. L. No. 94-380, 90 Stat. 1113 (1976). In Wallace, a federal employee injured by the vaccine sued the Government under the Swine Flu Act. The Fourth Circuit held the claim was not barred by the FECA because the claim was really directed against the vaccine manufacturer, see id. at 954, and the FECA could not "preclude claims against the United States as substitute defendant for acts or omissions of private third parties," id. at 955.

Adopting this reasoning, Pourier contends his claim is against the United States only as a substitute defendant for private third parties--Martinez, the Ambulance Service, and the Oglala Sioux Tribe--so the claim cannot be barred by the FECA. Contrary to Pourier's view, under the facts of this case the Ambulance Service and the Tribe were part of the federal government, see 25 U.S.C. § 450f(d) (1994), and Martinez was a federal employee, see id. Thus, insofar as Pourier is bringing this FTCA lawsuit against the Ambulance Service and the Tribe, Pourier's claim is directly against the United States and plainly barred by 5 U.S.C. § 8116(c). Insofar as Pourier

is bringing suit against Martinez, the FECA rules out that claim as well. Claims brought by or on behalf of a federal employee for work-related injury or death caused by another federal employee acting within the scope of his or her employment fall exclusively within the FECA. <u>See</u> <u>Ezekiel v. Michel</u>, 66 F.3d 894, 897-98 (7th Cir. 1995). <u>Wallace</u> is not inconsistent with our analysis. Unlike the Indian Self-Determination Act, the Swine Flu Act merely substituted the United States as a defendant in place of certain parties without making them part of the federal government in any way. We thus conclude the FECA furnishes Pourier's exclusive remedy, and the district court properly dismissed Pourier's lawsuit without prejudice for lack of subject-matter jurisdiction. <u>See</u> <u>Ezekiel</u>, 66 F.3d at 898.

We affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.