Elizabeth SHEPPARD, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent.

No. 09–AA–166.

District of Columbia Court of Appeals.

Submitted Feb. 25, 2010.

Decided April 15, 2010.

Kirk D. Williams, was on the brief for petitioner.

Peter J. Nickles, Attorney General for the District of Columbia, and Todd S. Kim, Solicitor General, Donna M. Murasky,

Deputy Solicitor General, and Carl J. Schifferle, Assistant Attorney General, were on the brief for respondent.

Before PRYOR, TERRY, and STEADMAN, Senior Judges.

PER CURIAM:

Petitioner Elizabeth Sheppard has asked us to review a decision of the Compensation Review Board (CRB) that her claim for permanent partial disability (PPD) was not "deemed accepted" under D.C.Code § 1–623.24(a–3) because that provision applies only to claims to initiate payment of disability benefits, while petitioner's claim constituted a subsequent request for a different type of benefit than her initial claim. For the reasons set forth below, we affirm the order of the CRB.

## I.

On January 1, 1983, petitioner, Elizabeth Sheppard, who was employed as a health technician at D.C. General Hospital, was involved in a work-related accident and injured her left knee. Petitioner continued working until she noticed a recurrence of the injury in 1998; she then timely filed a claim for disability benefits and began receiving total temporary disability (TTD) compensation. Petitioner returned to work on March 25, 1999, and her benefits were terminated in April of that year. Petitioner filed a second request for TTD compensation the following year, claiming that she suffered from a recurrence of her knee injury. The Department of Employment Services (DOES) granted her request in December 2002. Ms. Sheppard indicates that she received TTD compensation until she retired from her job in 2004.

On January 25, 2006, petitioner wrote a letter to the D.C. Office of Risk Management, Disability Compensation Program (DCP), requesting PPD compensation benefits for an alleged seventy-three percent loss of use of her left leg relating to the injury sustained in 1983. DCP acknowledged receipt of the request in March 2006, however, as of the time of the hearing giving rise to the instant appeal, it had still neither accepted nor rejected petitioner's request for PPD benefits.

When DCP did not decide the claim within thirty days of the request, petitioner applied for a formal hearing with the Department of Employment Services (DOES). The hearing was held before Administrative Law Judge Fred D. Carney, Jr. on September 10, 2007. During the hearing, petitioner requested that her claim to DOES for PPD benefits be deemed accepted pursuant to a provision of the Comprehensive Merit Personnel Act (CMPA), D.C.Code § 1–623.01 et seq. (2006 Repl.), that was enacted by the D.C. Council in 2005. Under the "deemed accepted" provision of the CMPA,

> [i]f the Mayor or his or her designee fails to make a finding of facts and an award for or against payment of compensation within 30 calendar days, the claim shall be deemed accepted, and the Mayor or his or her designee shall commence payment of compensation on the 31st day following the date the claim was filed....

D.C.Code § 1–623.24(a–3)(1) (2006 Repl.).

The ALJ determined that the "deemed accepted" provision applied only to initial claims, which in Ms. Sheppard's case was her 1998 request for TTD benefits and not her 2006 request for PPD benefits. He determined that the "guidelines promulgated in the subsections that immediately precede § 1–623.24(a–3)(1), are guidelines that refer to processes related to an initial claim," (citing D.C.Code §§ 1–623.24(a), (a–1) and (a–2)), and that because all provisions of the statute are "inextricably linked" and must therefore be read togeth-

er, Ms. Sheppard's PPD request was not the type of claim contemplated by the statutory provision. Petitioner appealed the ALJ's decision to the Compensation Review Board (CRB) and the CRB upheld the decision.

## II.

We review an agency decision to determine whether its findings are supported by substantial evidence. *Jackson v. District of Columbia Dep't of Employment Servs.*, 955 A.2d 728, 731 (D.C.2008). We will affirm an agency decision unless "it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Wiley v. District of Columbia Dep't of Employment Servs.*, 984 A.2d 201, 204 (D.C.2009) (citing D.C.Code § 2–510(a)(3) (2001)). Its legal conclusions are reviewed *de novo* and must follow rationally from the factual findings. *Howard Univ. Hosp. v. District of Columbia Dep't of Employment Servs.*, 960 A.2d 603, 606 (D.C.2008). Because of the CRB's special expertise in administering the CMPA, we "defer to their reasonable interpretations of ambiguous provisions in that legislation." *Id.* at 606. This deferential standard of review means we must uphold the CRB's interpretation of the CMPA even if petitioner advances another reasonable interpretation or if we would have been persuaded by petitioner's interpretation if construing the statute in the first instance. *Smith v. District of Columbia Dep't of Employment Servs.*, 548 A.2d 95, 97 (D.C. 1988).

Petitioner contends that her request for PPD benefits is a claim to initiate benefits within the meaning of Section 2324(a) of the CMPA. Relying on the definition of "claim" as an "assertion that an individual is entitled to benefits" and a "simple request for compensation," she contends that her request for PPD bene-

fits fits within this definition. She argues that the statute lacks modifiers and limiting language to suggest that the type of claim contemplated is a claim accompanied by a supervisor's report only, and not a subsequent claim for benefits arising from the same work accident that gave rise to an earlier claim for benefits.

Relying in large part on this court's decision in *Nixon v. District of Columbia Dep't of Employment Servs.*, 954 A.2d 1016 (D.C.2008), the CRB found that the "deemed accepted" provision, § 1–623.24(a–3)(1), did not apply to petitioner's claim because that provision "applies only to claims to initiate payment of disability benefits," defined in *Nixon* as "claims documented by a report furnished by the employee's immediate supervisor." It noted that "[n]o supervisor's report is contemplated when requesting permanent partial disability benefits years after the initial, work-related injury has reached maximum medical improvement." Thus, in the CRB's view, the action in question for purposes of the statute was not petitioner's PPD request but her request for TTD benefits several years earlier. As such, the CRB observed that § 1–623.24(a–3)(1) did not become a part of the CMPA until April 5, 2005, and that the Amended Act "does not reveal any language from the D.C. City Council either directing that the provision be applied retroactively or reflecting a legislative intent to apply the new provision to cases already in process." *See also Mayo v. District of Columbia Dep't of Employment Servs.*, 738 A.2d 807, 811 (D.C.1999) ("[L]egislation must be considered as addressed to the future, not to the past and [ ] a retrospective operation will not be given to a statute ... unless such be the unequivocal and inflexible import of the terms.") (internal quotation marks and citations omitted). Because petitioner's injury occurred in 1983 and she

filed her request for TTD benefits before the "deemed accepted" provision took effect, the CRB reasoned that the legislation could not be applied retroactively to her original claim.

Given our deference to an agency decision interpreting the statute it administers, we are satisfied that the CRB's interpretation of the CMPA is a reasonable one. This is not the first time that an agency has examined the relevant language of the CMPA. In *White v. District of Columbia Dep't of Housing & Cmty. Dev.*, ECAB No. 98–20, 1999 DC Wrk. Comp. Lexis 663 (July 15, 1999), the Director of the Office of Employment Services interpreted the language of a prior version of § 1–623.24(a) (then codified at § 1–624.24). He concluded that subsection (a) applies only "when an initial claim is made," relying on the subsection's reference to a supervisor's report. *Id.* at *7. Subsection (c), a penalty provision, became applicable if the Office of Disability Compensation, after making an award of compensation, failed to make payments within twenty days of the issuance of an award. *Id.* at *7–*8. The agency ultimately held that the petitioner's request for institution of a penalty under subsection (c), which specifically referenced subsection (a), was not covered by the Act because subsection (c) was applicable only to the time when an initial claim is made. *Id.* at *8. Petitioner White's injury occurred in 1987, his initial claim was made and accepted that same year and his subsequent claim for TTD, made after he experienced a recurrence in 1989, which was the basis for his request for a penalty, was not covered by the § 624.24(c). *Id.* at *9–*10.

▋ The agency's decision in *White* demonstrates that the interpretation of § 1–623.24(a) as applying solely to initial claims for benefits that are accompanied by a supervisor's report and not to subsequent claims arising from the same work-related injury, is a long-standing one. This court owes even greater deference to an agency's interpretation of a statute if that interpretation "is of long standing and has been consistently applied." *Atwater v. District of Columbia Dep't of Consumer & Regulatory Affairs*, 566 A.2d 462, 468 (D.C.1989); *see also United Parcel Serv. v. District of Columbia Dep't of Employment Servs.*, 834 A.2d 868, 871 (D.C.2003).

The language of this court's opinion in *Nixon* supports the agency's decision in *White* as well as the CRB's decision here. In *Nixon, supra,* we stated that the "decisions referred to in section § 1–623.24(a) are decisions on *initial* claims for disability benefits,—*i.e.,* claims documented by a 'report furnished by the employee's immediate supervisor....'" 954 A.2d at 1021 (emphasis in original). The CRB's determination that this statement in *Nixon* precluded application of the "deemed accepted" provision to petitioner's claim, is a reasonable one. As the Board points out, no supervisor's report was contemplated in Ms. Sheppard's case. Thus, it did not view her request for PPD compensation as the type of "initial" claim covered by the "deemed accepted" provision. It is true, as petitioner points out, that *Nixon* involved a request for reconsideration of a modification of benefits, rather than a subsequent request for a different type of benefit; however, this factual distinction does not undermine the outcome of the CRB's decision here.[1] Accordingly, the decision on appeal is affirmed.

*So ordered.*

---

1.  Chief Administrative Appeals Judge Brown,  who dissented from the majority opinion of

the CRB, found the factual distinction between this case and *Nixon* important in the overall context of § 1–623.24, where subsection (b)(1) entitles a dissatisfied claimant under subsection (a), to a hearing before DOES, and where subsections (a–1) and (a–2) "make it abundantly clear that [lack of a supervisor's report and new investigation] neither prejudices a claimant's right to the benefits sought nor relieves DCP from its statutory obligation to issue an award for or against the payment of compensation within 30 days from the date the claim is filed." The dissenting judge noted that petitioner was not seeking retroactive application of the law because the pertinent date was not the date of her injury, but the date on which she filed the PPD request, which was after the "deemed accepted" pro-

vision took effect. While this view is also a reasonable one, our standard of review requires us to uphold the majority's decision, as its interpretation of the CMPA is not "unreasonable in light of the prevailing law." *MCM Parking Co. v. District of Columbia Dep't of Employment Servs.*, 510 A.2d 1041, 1043 (D.C.1986).

The fact that petitioner's claim is not "deemed accepted" does not preclude recovery on her underlying claim for permanent partial disability benefits. The District advises us that a claimant requesting modification of benefits, like petitioner, is in actual practice accorded the right to a full-scale hearing analogous to that described in D.C.Code § 1–623.24(b) and to related appeals, after DCP has made its determination.