*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-AA-200

CASSANDRA ROSS, PETITIONER,

v.

DISTRICT OF COLUMBIA
DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT.

On Petition for Review of a Decision
of the Compensation Review Board of the
District of Columbia Department of Employment Services
(CRB-189-12)

(Submitted September 25, 2015                    Decided October 29, 2015)

Cassandra Ross, *pro se*.

*Irvin B. Nathan*, Attorney General for the District of Columbia at the time the brief was filed, *Todd S. Kim*, Solicitor General, *Loren L. AliKhan*, Deputy Solicitor General, and *Mary L. Wilson*, Senior Assistant Attorney General, were on the brief for respondent.

*Jonathan Levy* and *Paul Perkins* were on the brief for *amicus curiae*, The Legal Aid Society of the District of Columbia, in support of neither party.

Before FISHER and MCLEESE, *Associate Judges*, and RUIZ, *Senior Judge*.

RUIZ, *Senior Judge*: Petitioner Cassandra Ross appeals the 2013 decision of

the Compensation Review Board ("CRB") terminating the disability benefits that

she had received for over a decade on the basis that her injury had resolved. We

reverse and remand for consideration of the agency-employer's request to terminate benefits, under the proper standard: one that imposes the ultimate burden on the employer after a burden-shifting analytical framework.

## I. Facts

Petitioner suffered back and leg injuries in 1994 while working as a physician's assistant for the District of Columbia Department of Corrections ("the agency-employer"). In 1998, she suffered complications from her earlier injury, which caused additional injury to her neck and knee. Petitioner applied for, and received, temporary total disability benefits for these work-related injuries pursuant to the District of Columbia Government Comprehensive Merit Personnel Act of 1978, D.C. Code, as amended, § 1-623.01 (2014 Repl.) ("CMPA").[1]

In 2011, the District required that petitioner submit to a medical examination by an assigned doctor who was not her treating physician. Based on the results of that examination, the Office of Risk Management issued a Notice of Intent to Terminate, and—after reconsideration, requested by petitioner—a Final Decision

---

[1] Petitioner's temporary total disability benefits were reduced in a 2002 Compensation Order to temporary partial disability benefits, from $1010.71 to $409.08, on the basis that she was physically capable of returning to work in some capacity.

terminating her workers' compensation benefits. On appeal, a Department of Employment Services ("DOES") Administrative Law Judge ("ALJ") upheld the termination, concluding in a 2012 Compensation Order that petitioner's injuries had resolved such that she was no longer entitled to benefits. The ALJ found that the agency-employer "presented substantial evidence that [petitioner's] current [medical] conditions are not caused by her employment," that is, the work-related injuries that she suffered in 1994, and that petitioner was capable of returning to work. The ALJ further found that petitioner's evidence, which consisted primarily of reports from her treating physicians, was "insufficient to overcome that presented" by the agency-employer, and thus terminated her benefits. In 2013, the CRB affirmed the ALJ's 2012 Compensation Order.

On appeal to this court, petitioner argues that: (i) DOES should have given preference to her treating physician's reports over the District's examining physician, (ii) she is entitled to a presumption of continued compensation, and (iii) substantial evidence does not support the CRB's affirmance of the Compensation Order terminating her benefits.

Before turning to petitioner's arguments, however, we address the CRB's *en banc* decision in *Mahoney v. District of Columbia Public Schools*, CRB No. 14-67 (Nov. 12, 2014), released following the CRB's 2013 decision and order in this

case.  The court appointed the Legal Aid Society of the District of Columbia to file a brief as amicus curiae on the CRB's *Mahoney* decision and its applicability to this case.

## II. Applicable Law

Under the CMPA, an award of compensation may be modified when there is "reason to believe a change of condition has occurred" and "shall be made in accordance with [] standards and procedures" set forth in the statute.  D.C. Code § 1-623.24 (d)(1) (2014 Repl.) (setting forth requirement of written notice to claimant, opportunity for claimant to respond, and "full review of the reasons for the proposed modification and the arguments and information provided by the claimant").  *Mahoney* clarified the procedure to be followed when a District agency-employer has accepted a claim for workers' compensation and paid workers' compensation benefits, but later moves to terminate or modify those benefits.  The CRB determined that in such situations, the employer-agency "has the burden of proving by a preponderance of the evidence that conditions have changed such that the claimant no longer is entitled to the benefits" the agency-employer has been paying. *Mahoney*, CRB No. 14-67 at 8.  *Mahoney* established a burden-shifting framework to be applied by DOES ALJs when considering whether benefits may be terminated or modified.  Under the new framework, the

agency bears the initial burden of production, by presenting "current and probative evidence" that the claimant's condition has "sufficiently changed to warrant a modification or termination of benefits." *Id.* at 9. If the agency-employer does so, the burden of production shifts to the claimant, who may rebut that evidence by presenting "reliable and relevant" evidence that his or her condition has not changed to warrant a modification or termination. *Id.* If the claimant presents such evidence, the ALJ then considers the totality of the evidence to determine whether the agency-employer has proved, by a preponderance of the evidence, that the claimant's benefits should be modified or terminated.[2] *Id.*

The District of Columbia, on behalf of the Department of Employment Services, acknowledges that the *Mahoney* framework is a proper interpretation of CMPA, and that it should apply to petitioner's case, which was pending on appeal to this court when *Mahoney* was decided. DOES further acknowledges that the ALJ's rationale does not follow the burden-shifting framework or apply the ultimate standard of proof laid out in *Mahoney*. We agree.

Although we retain final authority on issues of statutory interpretation, we

---

[2] Two CRB panel members dissented in *Mahoney*. Both would have preferred a two-step approach in which the ultimate burden of proof fell on the claimant. *Mahoney*, CRB No. 14-67 at 12-14.

acknowledge the "CRB's special expertise in administering the CMPA," and accordingly we "defer to their reasonable interpretations of ambiguous provisions in that legislation." *Sheppard v. District of Columbia Dep't of Emp't Servs.*, 993 A.2d 525, 527 (D.C. 2010) (quoting *Howard Univ. Hosp. v. District of Columbia Dep't of Emp't Servs.*, 960 A.2d 603, 606 (D.C. 2008)). We will abide by the CRB's interpretation of the CMPA even where an alternate interpretation is also reasonable, or where we may have interpreted the statute differently than did the CRB if construing the statute in the first instance. *Id.*

The CMPA is silent on the burdens of production and persuasion where an agency-employer seeks to terminate a claimant's workers' compensation benefits granted by a prior compensation order. In the absence of express statutory guidance, we conclude that the burden-shifting framework established by the CRB in *Mahoney*, which places the ultimate burden of persuasion on the agency-employer, is a reasonable interpretation of the statute.

As this court noted in *Kea v. Police & Firemen's Ret. & Relief Bd.*, "[i]t is a fundamental principle of administrative, statutory and case law that the 'burden of proof is on the proponent of the rule or order.'" 429 A.2d 174, 175 (D.C. 1981) (quoting D.C. Code 1973, § 1-1509 (b) (currently codified as D.C. Code § 2-509

(2012 Repl.) and 5 U.S.C. § 556 (d) (1976)). Under that principle, where the agency-employer asserts that circumstances have changed so as to warrant termination or modification of a public worker's compensation benefits, the ultimate burden of demonstrating a change of circumstances should fall on the agency-employer as the proponent of a change in benefits. The CRB's *Mahoney* decision applies that "fundamental principle" to CMPA cases.

Moreover, placing the burden of proof on the agency-employer seeking to terminate workers' compensation benefits of a public employee under the CMPA is consistent with the District's other workers' compensation statutes. While workers' compensation for most public sector employees is governed by the CMPA, the Police and Firefighters Retirement and Disability Act, D.C. Code § 5-701 ("PFRDA") provides workers' compensation benefits for the District's police and firefighters, and the District of Columbia Workers' Compensation Act, D.C. Code § 32-1501 ("WCA") provides workers' compensation benefits for private sector employees. We interpret these three statutes to be consistent with each other, even where the statutes' language is not identical, in light of their similar humanitarian purpose. *See, e.g.*, *Nunnally v. District of Columbia Metro. Police Dep't*, 80 A.3d 1004, 1011 & n.14 (D.C. 2013) (utilizing language of the PFRDA to construe the meaning of "performance of duty" under the CMPA); *McCamey v. District of Columbia Dep't of Emp't Servs.*, 947 A.2d 1191, 1199-201 (D.C. 2008)

(en banc) (discussing the conceptual closeness of the CMPA to the WCA and applying the aggravation rule, expressly codified in the WCA, to the CMPA). In *Washington Metro. Area Transit Auth. v. District of Columbia Dep't of Emp't Servs.*, a private sector case under the WCA, we stated that where the employer wished to terminate workers' compensation benefits, "the burden is on the party asserting that a change of circumstances warrants modification to prove the change." 703 A.2d 1225, 1231 (D.C. 1997) (citing, *inter alia*, 8 LARSON, LARSON WORKERS' COMPENSATION LAW, § 81.33 (c) at 15-1194.32). The CRB's decision in *Mahoney* interprets the CMPA consistently with this court's interpretation of the WCA.

Additionally, placing the burden of persuasion on the agency-employer is consistent with the Federal Employees' Compensation Act, 5 U.S.C. § 8101 ("FECA"), the "pre-existing federal counterpart" to the CMPA. *McCamey*, 947 A.2d at 1200. We have previously "analogized provisions of the CMPA to FECA," and follow the interpretation of the FECA in interpreting the CMPA where both statutes are silent on a matter. *Id.* at 1200-01 (interpreting the CMPA to contain an aggravation rule where it, like the FECA, is statutorily silent, but FECA had previously been interpreted as containing an aggravation rule). The FECA and CMPA statutes are both silent regarding the burden of persuasion where the agency-employer seeks to reduce or terminate previously-paid benefits. The

FECA, however, has been interpreted as placing this burden on the government. *See, e.g.*, *McCall v. United States*, 901 F.2d 548, 549 (6th Cir. 1990) (noting, as part of the appeal's procedural history, that the Department of Labor "concluded that [the agency-employer] had failed to carry its burden of proof with respect to termination of [the employee's] FECA benefits, and restored [the employee's] FECA compensation"). The CRB's interpretation of the CMPA in *Mahoney* is therefore also consistent with the interpretation of the FECA. We have no difficulty concluding that the CRB's imposition of the burden of proof, by a preponderance of the evidence, on the agency-employer before benefits can be modified or terminated is reasonable.

We further conclude that *Mahoney's* framework, which places the initial burden of production on the agency-employer, and then shifts it to the claimant while keeping the burden of persuasion at all times with the agency-employer, is also reasonable. We have noted that, in the workers' compensation realm, the burden of production "may shift once the moving party establishes his case." *Washington Metro. Area Transit Auth. v. District of Columbia Dep't of Emp't Servs.*, 703 A.2d at 1231 (citing 8 LARSON, § 81.33 (c) at 15-1194.42). Additionally, burden-shifting frameworks similar to *Mahoney* have been approved by this court in other contexts that place the initial burden of production on the movant. *See, e.g.*, *Gatewood v. District of Columbia Water & Sewer Auth.*, 82

A.3d 41, 51-52 & nn.59-60 (D.C. 2013) (discussing the burden-shifting framework for adjudicating disputes with the water authority wherein a customer has the initial burden of proof); *Nader v. de Toledano*, 408 A.2d 31, 48 (D.C. 1979) (explaining burden-shifting in the context of a motion for summary judgment); *Larry v. National Rehab. Hosp.*, 973 A.2d 180, 183 n.4 (D.C. 2009) (describing the framework for determining gross misconduct in the unemployment compensation context); *see also Dir., OWCP v. Greenwich Collieries*, 512 U.S. 267, 279-80 (1994) (invalidating rule that shifted burden of persuasion to party opposing benefits claim in contravention of requirement in Administrative Procedures Act placing burden on proponent of rule or order).  We discern no cause to deviate from that established method here.

Finally, it is well-established that judicial decisions interpreting statutes are "given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule."  *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993) (quoting *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529 (1991)); *see Davis v. Moore*, 772 A.2d 204, 215 (D.C. 2001) (en banc); *id.* at 233-34 (Ruiz, J., concurring in part) (noting need to respect a separate branch of government); *Otts v. United States*, 952 A.2d 156, 161 n.4 (D.C. 2008).  We apply this rule even where "the trial judge's disposition was correct at the time of his ruling."

*Washington v. Guest Servs.*, 718 A.2d 1071, 1074 (D.C. 1998).

Having concluded that the *Mahoney* framework is a reasonable interpretation of the CMPA, and that this case—which was pending on appeal when *Mahoney* was released—is eligible for *Mahoney*'s retroactive application, we turn to the CRB's affirmance of the ALJ's 2012 Compensation Order terminating petitioner's benefits. It is clear, as the District of Columbia concedes, that the ALJ's analysis deviated from the three-part burden-shifting framework set out in *Mahoney*. The 2012 Compensation Order recognized that the agency-employer had the initial burden of production to demonstrate cause for termination of petitioner's workers' compensation benefits. The ALJ found that the agency-employer satisfied this burden by presenting "substantial evidence" of petitioner's ability to return to work, but did not expressly address whether the evidence was "current and probative" in support of a "sufficient[] change" in claimant's condition warranting termination of benefits, as *Mahoney* directs. *See Mahoney*, CRB No. 14-67 at 9. Furthermore, although the ALJ stated that the agency-employer had the initial burden of proof, the ALJ went on to cite *Jones v. District of Columbia Superior Court*, CRB No. 10-003, at 2-3 (March 10, 2011), which followed a two-part burden-shifting test and placed the ultimate burden of persuasion on the claimant. Similar to *Jones*, the ALJ's 2012 Compensation Order in this case ultimately concluded that petitioner presented evidence "insufficient to

overcome that presented" by the agency-employer, a formulation that could be read as placing the ultimate burden on the petitioner. The CRB affirmed the ALJ's Compensation Order in 2013. The following year, the CRB issued *Mahoney*, which implicitly overruled *Jones*.

Accordingly, we remand the case to the CRB, for further remand to the ALJ, for evaluation of the evidence in light of the burden-shifting framework established in *Mahoney* with the ultimate burden of proof, by a preponderance of the evidence, on the agency-employer.

## III. Remand

*Mahoney's* framework is based on the presumption that benefits will continue unless and until there is a final determination that the agency-employer has proven, by a preponderance of evidence, that circumstances have changed such that the claimant is no longer entitled to compensation. *Id*.; *see* D.C. Code § 1-623.24 (d)(3) (providing that benefits may not be modified until procedures "have been completed" except in five specific circumstances). We do not discern, on the arguments before us, that petitioner is entitled to a further legal presumption of continued benefits.

While this appeal was pending, petitioner moved to supplement the record with medical reports from her physicians concerning her condition. Some of the documents bear dates that precede the hearing before the ALJ, and others post-date the proceedings. Although the court denied the motion in connection with this appeal, petitioner may seek to introduce that evidence on remand, and the ALJ may admit further evidence as appropriate.[3]

As the ALJ considers the evidence on remand, however, there is no legal obligation to give greater weight to petitioner's treating physicians' reports. As noted in *District of Columbia Pub. Sch. v. District of Columbia Dep't. of Emp't*, 95 A.3d 1284 (D.C. 2014), the Council of the District of Columbia abolished the treating physician preference in public sector workers' compensation cases. *Id.* at 1288-89. As petitioner was a public sector employee, DOES was under no obligation to give preference to her treating physician as a matter of law.

---

[3] In light of the possibility that on remand the ALJ may admit additional evidence and that the ALJ is charged with reconsidering the evidence under the *Mahoney* burden-shifting framework and applying the ultimate burden of proof (preponderance of the evidence) on the agency-employer, there could be a change in the ALJ's ultimate determination. Therefore, we do not address petitioner's argument that the ALJ's decision was not supported by substantial evidence.

*So ordered.*