*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 22-CV-0371

YUSARIAN COLBERT, *et al*., APPELLANTS,

V.

DISTRICT OF COLUMBIA, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(2021-CA-004861-B)

(Hon. Hiram E. Puig-Lugo, Trial Judge)

(Submitted October 26, 2023                    Decided November 16, 2023)

*William J. Lightfoot* was on the brief for appellants.

*Brian L. Schwalb*, Attorney General for the District of Columbia, *Caroline S. Van Zile*, Solicitor General, *Ashwin P. Phatak*, Principal Deputy Solicitor General, *Carl J. Schifferle*, Deputy Solicitor General, and *Ethan P. Fallon*, Assistant Attorney General, were on the brief for appellee.

Before EASTERLY and DEAHL, *Associate Judges*, and FISHER, *Senior Judge*.

FISHER, *Senior Judge*: Yusarian Colbert, an employee of the District of Columbia's Department of Public Works, and his spouse, Ayesa Clay (together "appellants"), challenge the dismissal of their lawsuit against the District. Appellants alleged that Mr. Colbert sustained serious injuries while riding on the

back of a sanitation truck driven by his co-worker, Chauncy Antoine Hall. According to the complaint, Mr. Hall's negligent driving caused Mr. Colbert to fall from the vehicle and suffer injuries. The Superior Court dismissed the action as barred by the Comprehensive Merit Personnel Act ("CMPA"), D.C. Code §§ 1-601.01 to -636.03, which, among other things, creates a workers' compensation scheme that is generally the exclusive remedy against the District for District employees injured in the course and scope of their employment. *See* D.C. Code § 1-623.16(c). Appellants argue (1) that the CMPA does not bar suit against a negligent co-employee and (2) that the CMPA does not shield the District from suit because the District is required to substitute itself as the defendant in place of Mr. Hall under the Employee Non-Liability Act. *See* D.C. Code § 2-415(a). We agree with the District that the exclusivity provision of the CMPA's workers' compensation chapter, D.C. Code § 1-623.16, precludes appellants' suit against the District. We need not decide whether a negligence suit directly against Mr. Hall, a co-employee, would otherwise be permissible under the CMPA, as he was not a party to the proceedings below (and could not have been pursuant to the Non-Liability Act). Accordingly, we affirm the judgment of the Superior Court.

## I.     The Factual and Procedural Background

The facts alleged in the complaint are as follows. Mr. Colbert was employed by the District of Columbia as a sanitation worker for the Department of Public

Works. On December 25, 2018, Mr. Colbert was riding on the back of a sanitation truck driven by Mr. Hall. Mr. Hall drove the truck over the speed limit in the wrong direction (on a one-way street) and hit a speedbump, causing Mr. Colbert to fall from the truck. Both men were acting within the scope of their employment at the time of the accident. Mr. Colbert sustained serious injuries, including a traumatic brain injury, for which he continues to receive medical care. The complaint does not indicate whether Mr. Colbert ever sought workers' compensation benefits under the CMPA for his injuries.

Appellants filed a three-count complaint against the District in Superior Court, seeking damages for negligence, vicarious liability, and loss of consortium. The complaint stated that "[t]he District of Columbia is the named as a [sic] substitute Defendant per D.C. Code [§] 2-415."

The District moved to dismiss, arguing that appellants' claims against it were barred by the CMPA. Appellants argued that the suit was not barred because they were suing the District as a mandatory substitute defendant for Mr. Hall, rather than in its capacity as Mr. Colbert's employer. The trial court dismissed the complaint, concluding that D.C. Code § 2-415 does not render the exclusivity provision of the CMPA unenforceable.[1] Appellants appealed the dismissal to this court.

---

[1] The trial court also reasoned that there was a "substantial question" as to whether "Plaintiffs' claims are precluded" under the CMPA and stated that the

## II.    Standard of Review

Our review of an order granting a motion to dismiss is de novo, applying the same standard that the trial court was required to apply. *Hoff v. Wiley Rein, LLP*, 110 A.3d 561, 564 (D.C. 2015). "The only issue on review of a dismissal made pursuant to Rule 12(b)(6) is the legal sufficiency of the complaint." *Scott v. FedChoice Fed. Credit Union*, 274 A.3d 318, 322 (D.C. 2022) (quoting *Grayson v. AT & T Corp.*, 15 A.3d 219, 228-29 (D.C. 2011) (en banc)). Dismissal is warranted only if the complaint fails to state a claim upon which relief can be granted, even accepting the allegations as true and drawing all reasonable inferences in favor of the plaintiffs. *See id.*; *Hoff*, 110 A.3d at 564.

---

appropriate District agency should decide that question in the first instance. While the trial court referred to the Office of Employee Appeals ("OEA") as that agency, OEA is not involved in the administration or adjudication of the workers' compensation provisions of the CMPA. Rather, the Office of Risk Management ("ORM") administers the public sector workers' compensation program. *See* 7 D.C.M.R. § 101.1. An initial award for or against compensation is appealable to the Office of Administrative Hearings ("OAH"), *id.* § 155.1(a), and OAH's decisions under the CMPA are appealable to the Department of Employment Services ("DOES") Compensation Review Board ("CRB"). *Id.* § 163.2; *see also* D.C. Code § 1-623.28(a) ("The Director of the Department of Employment Services may review an award for or against payment of compensation on application by either the claimant or the Office of the Corporation Counsel."); *Frazier v. D.C. Dep't of Emp. Servs.*, 229 A.3d 131, 138 (D.C. 2020) (explaining that the CMPA "specifically assigns" the responsibility of "reviewing decisions made after evidentiary hearings on . . . initial claims for disability benefits" to the Director of DOES, who has delegated that responsibility to the CRB).

We also decide questions of statutory construction de novo. *Williams v. Kennedy*, 211 A.3d 1108, 1110 (D.C. 2019). "We first look to see whether the statutory language at issue is plain and admits of no more than one meaning. We will give effect to the plain meaning of a statute when the language is unambiguous and does not produce an absurd result." *Id.* (quoting *Facebook, Inc. v. Wint*, 199 A.3d 625, 628 (D.C. 2019)). We also consider statutory context and structure, legislative purpose, and potential consequences of a given construction, and we may look to legislative history. *Id.*

### III. Discussion

Under the workers' compensation provisions of the CMPA, a public employee is entitled to receive workers' compensation benefits for injuries sustained while in the performance of his or her duty. *See* D.C. Code § 1-623.02(a). These benefits are the employee's exclusive remedy against the District for such injuries. *See* D.C. Code § 1-623.16(c). A separate statute, the Employee Non-Liability Act, D.C. Code §§ 2-411 to -416, immunizes District employees from suit for injuries they cause while operating vehicles in the scope of their employment. *See* D.C. Code § 2-415(a). Rather than cutting off recovery altogether, the statute requires the substitution of the District as a defendant in the employee's place. *Id.*[2] The District

---

[2] Section 2-415(a) provides in full as follows:

has waived sovereign immunity as a defense in such actions, so long as the injury was caused by the employee's negligence (or gross negligence in the case of emergency vehicles). *See* D.C. Code § 2-412.

Here, the complaint implicates both the CMPA and the Non-Liability Act, alleging that a public employee's workplace injury was caused by a fellow public employee's negligent operation of a vehicle. There is no dispute that the Non-Liability Act bars a negligence suit against Mr. Hall, and appellants accordingly did not attempt to make him a defendant to the proceedings. Appellants argue, however, (1) that they would have been able to sue Mr. Hall but for his Non-Liability Act immunity; and (2) that the Act requires the District to accept liability in Mr. Hall's place as a substitute defendant. The District disputes both points.

---

After the effective date of this subchapter, no civil action or proceeding shall be brought or be maintained against an employee of the District for loss of or damage to property or for personal injury, including death, resulting from the operation by such employee of any vehicle if it be alleged in the complaint or developed in a later stage of the proceeding that the employee was acting within the scope of his office or employment, unless the District shall, in an action brought against it for such damage or injury, including death, specifically deny liability on the ground that the employee was not, at the time and place alleged, acting within the scope of his office or employment. If in any such civil action or proceeding pending in a court in the District of Columbia as of the effective date of this subchapter the District has not been named as a defendant, said District shall be joined as a defendant and after its answer has been filed and subject to the provisions of the preceding sentence, the action shall be dismissed as to the employee and the case shall proceed as if the District had been a party defendant from the inception thereof.

The parties have briefed two issues on appeal: (1) whether the exclusivity provision of the CMPA bars all negligence suits against co-employees; and (2) if such suits are not barred, whether a District employee may sue the District as a substitute defendant for said co-employee under the Non-Liability Act. Since, under the facts alleged, the Non-Liability Act requires appellants to bring their lawsuit against the District, rather than against Mr. Colbert's co-employee, we need not decide the broader first question. Even assuming arguendo that the CMPA does not preclude injured workers from bringing negligence suits against co-employees, a District employee may not bring a lawsuit *against the District* for a compensable workplace injury, and the substitute defendant procedure of the Non-Liability Act creates no exception to that rule.

Our analysis proceeds in two parts. First, we explain the general operation of the CMPA and the exclusive nature of its workers' compensation remedy. We note, but do not resolve, the open question of whether the exclusivity provision bars public employee suits against their co-employees. Second, we explain why the substitute defendant procedure in the Non-Liability Act does not allow public employees to sue the District for compensable workplace injuries.

**A. Exclusivity of the Workers' Compensation Provisions of the CMPA**

Chapter 23 of the CMPA, D.C. Code §§ 1-623.01 to -623.47 (sometimes referred to as the CMPA's "disability provisions"), establishes the workers'

compensation scheme for most public sector employees in the District.  *See*

*McCamey v. D.C. Dep't of Emp. Servs.*, 947 A.2d 1191, 1199 (D.C. 2008) (en banc).

Like other workers' compensation statutes, the CMPA's disability provisions "were

intended to displace the common law with a compensation scheme that provided

fixed, immediate benefits for on-the-job injuries regardless of fault."  *District of*

*Columbia v. Thompson* ("*Thompson II*"), 593 A.2d 621, 630 (D.C. 1991).

Specifically, the District shall pay workers' compensation benefits "for the disability

or death of an employee resulting from personal injury sustained while in the

performance of his or her duty," subject to certain exceptions not relevant to our

analysis here.  D.C. Code § 1-623.02(a).  In addition to the workers' compensation

chapter, the CMPA contains "extensive provisions for filing grievances and appeals

of working conditions and of adverse personnel actions."  *Thompson II*, 593 A.2d at

630.  While they are part of the same piece of legislation, these two groups of CMPA

provisions "have altogether different subject matters and purposes."  *Id*.  Where, as

here, the complaint alleges a workplace injury, the case is properly analyzed under

Chapter 23's workers' compensation provisions.[3]

---

[3] While the trial court and the District both cited to the definition of "grievance" in D.C. Code § 1-603.01(10), that provision is more pertinent to the merit and personnel provisions of the CMPA.  The relevant inquiry with respect to the exclusivity provision of the workers' compensation provisions is whether the employee sustained a compensable workplace injury.  *See* D.C. Code § 1-623.01(5) (defining "injury" for the purposes of Chapter 23).

While codified within the broader CMPA, Chapter 23 has more in common with the District's other workers' compensation statutes. The Police and Firefighters Retirement Disability Act ("PFRDA"), D.C. Code §§ 5-701 to -724, provides benefits for the District's police and firefighters, and the Workers' Compensation Act ("WCA"), D.C. Code §§ 32-1501 to -1545, provides similar benefits for private sector employees in the District. *Ross v. D.C. Dep't of Emp. Servs.*, 125 A.3d 698, 702 (D.C. 2015). Where possible, "[w]e interpret these three statutes to be consistent with each other, even where the statutes' language is not identical, in light of their similar humanitarian purpose." *Id.* However, this does not mean that "differences in statutory language are never relevant to construction of the several compensation statutes." *Brown-Carson v. D.C. Dep't of Emp. Servs.*, 159 A.3d 303, 307 (D.C. 2017); *see also Mayberry v. Dukes*, 742 A.2d 448, 451 (D.C. 1999) ("[E]ven though the [PFRDA] and the WCA serve similar purposes, we cannot just ignore differences in the statutory language of the two acts.").

In addition to the WCA and PFRDA, federal case law is instructive in construing Chapter 23. The relevant disability compensation provisions of the CMPA "track those of its federal fore-runner," the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101-8152. *Newman v. District of Columbia*, 518 A.2d 698, 704 (D.C. 1986). FECA expressly applied to District employees until the CMPA became effective, *Thompson II*, 593 A.2d at 630, and the

legislative history shows that Chapter 23 was intended to be "essentially an enactment of current federal law." District of Columbia Government Comprehensive Merit Personnel Act of 1978, Report on Bill No. 2-10 before the Committee on Government Operations, Council of the District of Columbia, at 112 (July 5, 1978). Thus, federal case law interpreting FECA is highly probative in interpreting the workers' compensation provisions of the CMPA. *See Newman*, 518 A.2d at 704 ("FECA decisions are entitled to considerable deference in determining the meaning of the Merit Personnel Act."); *McCamey*, 947 A.2d at 1200 ("Consistent with the Act's genesis, this court has analogized provisions of the CMPA to FECA.").

Essential to resolving the dispute here is the CMPA's exclusivity provision, which states that the District's liability under Chapter 23

> is exclusive and instead of all other liability of the District of Columbia government or the instrumentality to the employee, his or her legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the District of Columbia or the instrumentality because of the injury or death in a direct judicial proceeding [or] in a civil action . . . .

D.C. Code § 1-623.16(c). In other words, a public employee (and, among others, the employee's spouse) generally cannot maintain a lawsuit against the District for damages stemming from a compensable workplace injury. In exchange for the "fixed but certain benefits" of the CMPA, the employee loses the right to "sue the

District in tort for the injuries." *Lee v. District of Columbia*, 559 A.2d 308, 310 (D.C. 1989).

The exclusivity provision does not by its express terms bar suit against any third-party tortfeasors.[4] *See id.* Federal courts have construed FECA's parallel exclusivity provision as "not affecting the liability of co-employees for torts." *Mayberry*, 742 A.2d at 451 n.3 (citing *Heathcoat v. Potts*, 790 F.2d 1540 (11th Cir. 1986), and *Bates v. Harp*, 573 F.2d 930 (6th Cir. 1978)). Nonetheless, this court has declined to foreclose the possibility of a broader interpretation of the exclusivity provision of the CMPA. *See District of Columbia v. Thompson* ("*Thompson I*"), 570 A.2d 277, 288 n.7 (D.C. 1990) ("While cases interpreting FECA have held that the exclusivity provision does not affect the liability of co[-]employees, we do not intend implicitly to foreclose the possibility of a different interpretation of [the] CMPA if the question is properly raised." (internal citations omitted)), *aff'd in relevant part on reh'g,* 593 A.2d 621 (D.C. 1991).

---

[4] The CMPA allows District employees injured on the job to pursue a damages claim against a liable "person other than the District of Columbia government," but any amount recovered must be used to reimburse the District for workers' compensation benefits paid. *See* D.C. Code § 1-623.32. Where a third party is potentially liable, the mayor is authorized to require the employee-beneficiary to either (1) assign that right of action to the District or (2) prosecute the action in his or her own name. *See* D.C. Code § 1-623.31(a)(1).

By contrast, the WCA's exclusivity provision, which applies specifically to private sector employees, expressly bars suits against co-employees.[5] *See* D.C. Code§ 32-1504(b) ("The compensation to which an employee is entitled under this chapter shall constitute the employee's exclusive remedy against the employer, . . . and any employee . . . of such employer . . . ."); *see also McGregor v. Grimes*, 884 A.2d 605, 607-08 (D.C. 2005) (explaining that the WCA's exclusivity provision is "in accord with the law of the great majority of jurisdictions" in "barring suits against fellow employees"). The District urges us to read the WCA's limitation into the CMPA in order to harmonize the public and private sector workers' compensation acts, as we have done with other aspects of the two statutes. *See, e.g.*, *McCamey*, 947 A.2d at 1201; *Ross*, 125 A.3d at 702.

If not for the clear grant of immunity from the Non-Liability Act, whether appellants could pursue a suit directly against co-employee Hall would depend on our answer to this open question under the CMPA's exclusivity provision. However, we need not reach that question to resolve this case, because the Non-Liability Act unequivocally bars suit against Mr. Hall and allows suit only against the District.

---

[5] The WCA has a different statutory predecessor than the CMPA, the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950. *See Est. of Underwood v. Nat'l Credit Union Admin.*, 665 A.2d 621, 634 (D.C. 1995). The LHWCA, unlike FECA, barred co-employee suits. *See D.C. Rent-a-Car Co. v. Cochran*, 463 A.2d 696, 698-99 (D.C. 1983).

Even assuming arguendo that the CMPA, like FECA, does not preclude co-employee suits for negligence, it still precludes an injured worker from obtaining damages from the District as a substitute defendant instead of (or in addition to) receiving workers' compensation benefits.

**B. The Non-Liability Act Does Not Create an Exception to the CMPA**

Under Section 2-415 of the Non-Liability Act, the District must step in as a substitute defendant in place of the immunized driver. *See supra* note 2. However, as explained above, the CMPA bars employees from suing the District for workplace injuries. Appellants argue that "[b]ecause the District of Columbia is statutorily obligated to stand-in for the third[-]party defendant under the circumstances of this accident, the government cannot shirk its legal obligations by invoking the CMPA." This conclusion is inconsistent with the Non-Liability Act, the CMPA's exclusivity provision, and federal case law construing FECA's parallel exclusivity provision in similar contexts.

First, the Non-Liability Act waives only one defense, the District's sovereign immunity. Otherwise, it provides that "[n]othing contained in this subchapter shall be construed as depriving the District of any other defense in law or equity which it may have to any such action . . . ." D.C. Code § 2-412. Thus, the statute expressly reserves other defenses the District could raise, and appellants offer no explanation why the exclusivity provision of the CMPA would not be among those defenses.

Moreover, Section 2-415(a) provides that once the District steps in as a substitute defendant, "the case shall proceed as if the District had been a party defendant from the inception thereof." Appellants' reading of the Non-Liability Act would create a conflict with the CMPA, requiring the District to stand in as a defendant and give up its CMPA-based defense in addition to waiving its sovereign immunity. *See Lumen Eight Media Grp., LLC v. District of Columbia*, 279 A.3d 866, 877 (D.C. 2022) ("Where two statutes appear to conflict with each other, we must first attempt to harmonize them.").

Second, the broad language of the CMPA's exclusivity provision draws no distinction between suits against the District in its capacity as an employer and in its capacity as a substitute defendant. Rather, it provides that "[t]he liability of the District of Columbia government . . . under this subchapter . . . *is exclusive and instead of all other liability of the District of Columbia government . . .* in a direct judicial proceeding [or] in a civil action . . . ." D.C. Code § 1-623.16(c) (emphasis added). Appellants would have us read in an implied exception whenever the District is liable as a substitute defendant. The proposed exception is not supported by the plain text of the statute. It would also create an anomaly in the CMPA's workers' compensation scheme, allowing a worker to circumvent the exclusivity provision and sue the District for damages for one narrow class of workplace injuries (those resulting from negligent operation of a vehicle by a co-worker).

This exclusivity provision, like FECA's, reflects a compromise whereby "[p]ublic employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, in return for which they lose their right to sue the government." *Newman*, 518 A.2d at 704 (citing *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983)). In other words, "the exclusivity provision replaces common law with statutory remedies. It does not take away common law remedies without giving something back in return." *Id.* at 705; *see also Nunnally v. D.C. Police & Firefighters' Ret. & Relief Bd.*, 184 A.3d 855, 859 (D.C. 2018) ("Like other such schemes, the PFRDA provides swift and certain compensation, but that compensation is limited and other remedies . . . are precluded. This reflects 'the public policy trade-off implicit in workers' compensation statutes—substituting limited liability without fault for the right to sue in court.'" (quoting *Vargo v. Barry*, 667 A.2d 98, 101 (D.C. 1995))).

However, applying the CMPA's exclusivity provision here does not deprive appellants of any common law remedies against the District, because there is no common law right to sue the District under these circumstances. *See Noga v. United States*, 411 F.2d 943, 945 (9th Cir. 1969) ("There has never been a common law right by an injured person, Government employee or otherwise, to recover damages from the United States by reason of the negligence of a Government employee."). A suit under the Non-Liability Act is a suit against the District and, as noted above,

"shall proceed as if the District had been a party defendant" from its inception. D.C. Code § 2-415(a). In these circumstances, however, the District is required only to pay workers' compensation benefits, "instead of all other liability" it might otherwise be exposed to. D.C. Code § 1-623.16(c).

Appellants argue that the CMPA should not be construed to "take away Mr. Colbert's common law right to seek redress from the third party who caused his injuries" without a clear statement of intent to do so. However, whatever common law right Mr. Colbert might have had to sue the driver is clearly foreclosed by the Non-Liability Act, which, as explained above, immunizes government employees from suit under exactly these circumstances. *See* D.C. Code § 2-415(a). In so doing, Section 2-415(a) draws no distinction between plaintiffs who are private citizens and those who are public employees. Neither may sue the negligent District employee, but neither is wholly deprived of a remedy, either. For the private citizen, that remedy is a damages suit against the District, in which the employee's negligence must be proven by the plaintiff. For the public employee, the remedy is workers' compensation benefits, regardless of fault. This is precisely the tradeoff contemplated by the workers' compensation statute.

Moreover, because the public employee has a remedy that the private citizen does not, they are not similarly situated and the statutory scheme works no obvious injustice. *See Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 754

(D.C. 1983) (en banc) (explaining that we construe statutes to avoid absurd results or obvious injustice). Even if the workers' compensation remedy is less generous than the damages that could be recovered in tort (which appellants have not argued expressly), "[a]n exclusive remedy does not lose its exclusivity upon a showing that an alternative remedy might be more generous." *White v. District of Columbia*, 852 A.2d 922, 927 (D.C. 2004). What appellants attempt to do here is leverage the Non-Liability Act to pursue common law damages against the District. Such employee suits against the District—in addition to or instead of workers' compensation—are exactly what the CMPA's exclusivity provision prohibits.

Federal courts have rejected similar efforts to circumvent the exclusivity provision of FECA. Under several different statutes requiring substitution of the federal government as a defendant, those courts have held that FECA prohibits federal employees from suing the government for workplace injuries, even in what would otherwise have been permissible suits against co-employees. *See, e.g.*, *Vantrease v. United States*, 400 F.2d 853, 856 (6th Cir. 1968) (holding that a federal employee could not sue the federal government as a substitute defendant under the Federal Drivers Act);[6] *Noga*, 411 F.2d at 944-45 (9th Cir. 1969) (same); *Ezekiel v.*

---

[6] Appellants cite a concurrence in a subsequent case criticizing the result in *Vantrease*. However, we note that the concurring judge was opining essentially on policy grounds and agreed that the "language of the two statutes is very plain." *Gilliam v. United States*, 407 F.2d 818, 819 (6th Cir. 1969) (Combs, J., concurring).

*Michel*, 66 F.3d 894, 897-98 (7th Cir. 1995) (holding that a federal employee could not sue the government as a substitute defendant under the Westfall Act); *Pourier v. United States*, 138 F.3d 1267, 1268 (8th Cir. 1998) (holding that FECA barred suit against the federal government as a substitute defendant for a federal employee under the Indian Self-Determination Act).[7]

Appellants' reliance on the Fourth Circuit's decision in *Wallace v. United States*, 669 F.2d 947 (4th Cir. 1982), does not persuade us that their suit against the District would be allowed under FECA. *Wallace* dealt with a provision of the Swine Flu Act under which the federal government agreed to substitute itself as a defendant in place of private vaccine manufacturers and distributors responsible for

---

[7] District case law prior to the adoption of the CMPA points to the same result. In *Davis v. Harrod*, the United States Court of Appeals for the District of Columbia Circuit analyzed the interaction between an earlier version of the Non-Liability Act (then codified at D.C. Code § 1-925 (1976)) and FECA. 407 F.2d 1280, 1281-83 (D.C. Cir. 1969). In *Davis*, two District schoolteachers were in a car accident while driving together to a meeting. *Id.* at 1281. The passenger brought a negligence suit against the driver. *Id.* Granting that FECA barred suit against the District, the plaintiff reasoned that suit against the driver should be allowed because "where for some reason the District cannot be sued, the purpose of the [Non-Liability] Act is thwarted and it should not be applied." *Id.* at 1282. While rejecting the plaintiff's ultimate conclusion, the court agreed with the premise that FECA allowed suit against a co-employee but barred suit against the District. *Id.* The court explained that while FECA allowed suit against third parties, including co-employees, FECA's exclusivity provision nevertheless "would seem to bar a suit against the District of Columbia." *Id.* at 1282 n.2. The court also noted that one goal of the Non-Liability Act, "compensation for the injured person, has been partly fulfilled by [the plaintiff's] receipt of benefits under FECA." *Id.* at 1283. This reasoning in *Davis*, while dictum, is consistent with the federal cases discussed above.

administering an emergency vaccination program. *Id.* at 950. The Fourth Circuit held that FECA's exclusivity provision did not bar a federal employee from bringing Swine Flu Act claims against the federal government. *Id.* at 954. The court reasoned that FECA barred "only the [the employee's] claim against the United States as [his] employer" and did "not preclude rights of federal employees to sue private third parties for injuries caused by such parties when the federal employee is on the job." *Id.* *Wallace*, however, dealt only with the liability of the United States "for acts or omissions of *private* third parties." *Id.* at 955 (emphasis added).

Other federal courts of appeals have limited *Wallace* to circumstances where the federal government is substituted for private parties, or have rejected its holding outright. *See Pourier*, 138 F.3d at 1268 (explaining that *Wallace* was "not inconsistent" with its analysis because "the Swine Flu Act merely substituted the United States as a defendant in place of certain parties without making them part of the federal government in any way"); *DiPippa v. United States*, 687 F.2d 14, 18-19 (3d Cir. 1982) (disagreeing with *Wallace* and holding that FECA coverage "would bar any swine flu claim" the plaintiff could assert against the government). Accordingly, we are not persuaded by appellants' argument that adherence to FECA case law favors allowing their suit against the District as a substitute defendant, especially for the negligent acts of its own employee.

In sum, we hold that naming the District as a substitute defendant under the Non-Liability Act creates no exception to the CMPA's exclusivity provision, which bars employee suits against the District for compensable workplace injuries. Appellants' sole argument before the trial court and on appeal has been that the exclusivity provision does not apply at all to actions brought under the Non-Liability Act—there has been no suggestion that Mr. Colbert's injuries are not separately compensable under the CMPA. Accordingly, we find no error in the dismissal of the complaint.[8]

## IV. Conclusion

Because Chapter 23 of the CMPA is a public employee's exclusive remedy against the District for workplace injuries, we conclude that claims against the

---

[8] We do not need to discuss at length the trial court's conclusion that a "substantial question exists as to whether Plaintiffs' claims are precluded under the Act." (quotation marks omitted). We have held that if there is a "substantial question whether an employee's injury is covered by [the] CMPA, the employee must submit her claim to DOES. She may then sue the District only if the claim is disallowed." *Thompson I*, 570 A.2d at 285 (internal quotation marks omitted). Where a substantial question about the agency's jurisdiction exists, the appropriate procedure is for the trial court to stay, rather than dismiss, the action, because "the suit may proceed if [the agency] concludes that it lacks jurisdiction." *Grillo v. District of Columbia*, 731 A.2d 384, 387 (D.C. 1999). However, the disputed question here is not whether Mr. Colbert's injuries are compensable, but rather whether the exclusivity provision bars suit against the District in its capacity as a substitute defendant for Mr. Hall. This purely legal question does not turn on whether DOES or any other agency has primary jurisdiction over Mr. Colbert's claims. *See supra* note 1.

District as a substitute defendant under Section 2-415 of the Non-Liability Act are barred by the exclusivity provision of the CMPA.  The judgment of the Superior Court dismissing appellants' complaint is therefore affirmed.

*So ordered.*